UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Demarcus Lee Washington,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 21-126 ADM/ECW

---

Andrew Dunne, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Paul P. Sarratori, Esq., Mesenbourg & Sarratori Law Offices, P.A., Coon Rapids, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Demarcus Lee Washington's Objection [Docket No. 96] to Magistrate Judge Elizabeth Cowan Wright's February 23, 2022 Report and Recommendation [Docket No. 91] ("R&R").[1] In the R&R, Judge Cowan Wright recommends denying Washington's Amended Motion to Suppress Evidence from All Search Warrants [Docket No. 65], which also seeks a hearing pursuant to Franks v. Delaware, and denying Washington's Amended Motion for Disclosure of Confidential Informant [Docket No. 64]. For the reasons set forth below, Washington's Objection is overruled and the R&R is adopted.

---

[1] Washington's Objection was filed by his private attorney on March 23, 2022. That same day, Washington filed a Notice of Counsel Withdrawal [Docket No. 98] stating that he consents to his attorney's withdrawal from the case and that he requests the Court to appoint a federal defender to represent him. On April 20, 2022, Federal Defender Katherian Roe informed the Court that she contacted Washington about his request for counsel and Washington did not respond. On May 6, 2022, Washington's private attorney notified the Court that Washington now requests that he continue his representation.

## II.  BACKGROUND[2]

Washington is charged with Possession with Intent to Distribute Fentanyl and Heroin (Count I) and Possession with Intent to Distribute Fentanyl (Count II).  Indictment [Docket No. 1].  He moves to suppress the evidence seized as a result of twelve search warrants.  The first warrant was issued on April 26, 2021 (the "April 26 Warrant") to monitor the location of Washington's cell phone.  Def. Ex. 1 [Docket No. 88, Attach. 1].  Another was issued on May 4, 2021 (the "May 4 Warrant") to search Washington, his girlfriend, the shoe store where he worked, and a rental car that he had been observed driving.  Def. Ex. 2 [Docket No. 88, Attach. 2].  Washington concedes that if probable cause exists for these two warrants, it exists for the other ten warrants as well, because the other warrants were based on the same set of facts as the April 26 and May 4 Warrants.  Obj. at 1 n.1.

### A.  April 26 Warrant

The April 26 Warrant was supported by the affidavit of Narcotics Investigator Nathan Garland ("Investigator Garland") of the Mounds View Police Department and the Ramsey County Violent Crime Enforcement Team ("VCET").  Def. Ex. 1 at 1.  In the affidavit, Investigator Garland averred that he spoke with a Confidential Informant ("CI") in April 2021 who stated that the CI had "information of a heroin dealer that went by the nickname of 'Ghost,' later determined to be previously identified to Law Enforcement as [Washington]."  Id. at 3 ¶ 5. The CI alleged purchases of heroin from Washington "on many occasions, with the most recent being days prior" to the CI's interview with Investigator Garland.  Id.  The CI also stated that

---

[2] The factual background of this case is more fully set forth in the R&R and is incorporated by reference.

2

Washington was a Black male in his 30s and that he worked at a shoe store inside Rosedale Mall and drove a white GMC Yukon with a license plate beginning with 455.  Id.

The CI stated that he/she would contact Washington through phone number 612-212-92[XX] and Washington would tell the CI where they would meet, which was often at the Rosedale Mall.  Id. at 3-4 ¶ 6.  Washington would arrive on foot or in the White GMC Yukon, the CI would then get in the Yukon or Washington would get in the CI's vehicle, and the CI would purchase the heroin directly from Washington.  Id. at 4 ¶ 6.  The CI showed Investigator Garland electronic messages with the phone number 612-212-92[XX].  Id.  In the messages, the CI is telling Washington that he/she is at the location for the drug deal.  Id.

Investigator Garland further averred that "Law Enforcement was aware of Washington prior to our contact with the CI" and that Investigator Garland knew that Washington worked at a shoe store inside Rosedale Mall and "drove a White GMC Yukon (MN LIP: 455 UNU)."  Id. at 4 ¶ 7.  He also stated that "[t]he CI was shown a photo of Washington, without any identifying names or physical characteristics, and the CI stated the male in the photo was indeed 'Ghost' aka Washington. . . . [Y]our affiant has corroborated/vetted the CI's information and believe[s] it to be very accurate and reliable."  Id.

**B.  May 4 Warrant**

Investigator Garland was also the affiant on the May 4 Warrant.  Def. Ex. 2 at 1-9.  This affidavit stated that in March 2021, law enforcement opened an investigation into a suspected drug dealer nicknamed Ghost, later determined to be Washington.  Id. at 3.  The affidavit also stated that law enforcement learned from an individual (the "Identifying Individual") that Ghost owned or worked in a shoe store in Rosedale Mall and was selling controlled substances in and

around the mall.  Id. at 3.  Further investigation showed that the shoe store is co-owned by Washington's girlfriend, S.M.  Id.

Investigator Garland also averred that he spoke with a CI in April 2021.  Id.  Investigator Garland then repeated in this affidavit the same CI-related information that was provided in the affidavit supporting the April 26 Warrant.  Id.  Investigator Garland further averred that the CI made three controlled buys from Washington between April 26 and May 4, 2021.  Id. at 4-7.  The first two controlled buys took place in the parking lot of Rosedale Mall on April 26 and April 29, 2021.  Id. at 4-6.  The third controlled buy took place on May 4, 2021, at a gas station near a Blaine residence where Washington and S.M were living.  Id. at 5-7.  Details of the controlled buys are provided in the affidavit.  Id. at 4-7.

## C.  May 5, 2021 Arrest and Searches

On May 5, investigators arrested Mr. Washington as he was arriving for work at the shoe store in Rosedale Mall.  Def. Ex. 12 [Docket No. 88, Attach. 12] at 3.  Washington had 50 grams of fentanyl and 57 grams of heroin on his person.  Id.  These drugs are listed in Count I of the Indictment.

Soon after Washington's arrest, surveillance officers arrived at the Blaine residence and observed S.M. leave the house with a backpack and place it in the woods in the back yard.  Id. at 3-4.  S.M. and her young child were then picked up by a female driving a white Mercedes-Benz SUV.  Id. at 4.  S.M. entered the SUV carrying a second backpack.  Id.  Investigators stopped the SUV and detained S.M. to execute the search warrant for her person.  The backpack S.M. had been carrying was later searched and contained $23,878 in cash.  Id. at 10.

Investigators executed a search warrant for the Blaine residence and found the black backpack that S.M. had hidden in the woods. Id. at 4. Over a kilogram of fentanyl was found in

4

the backpack.  Id.  These drugs form the basis for Count 2 of the Indictment.  The black backpack also contained digital scales, a blender for mixing controlled substances, and clear plastic baggies used to package narcotics.  Id.  Inside the house, officers recovered a stolen handgun, a handgun with no serial number, and a large amount of cash.  Id.

### D. Motions and R&R

Washington has moved to suppress the evidence seized as a result of the twelve warrants, and requests an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).  Washington also moves for disclosure of the CI and Identified Individual or, alternatively, for the Court to conduct an in camera interview with them to determine whether they have information that may be exculpatory or that may lead to a Franks hearing.  In a 44-page R&R, Judge Cowan Wright recommends denying both motions.

### III.  DISCUSSION

### A. Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

### B. Franks Hearing Request and Suppression Motion

Washington argues a Franks hearing is necessary because the search warrant affidavits included a misrepresentation or omission as to how and when the investigation into Washington's criminal behavior began.  Washington contends that the search warrants failed to state that law enforcement had been making inquiries about Washington with the National Crime

5

Information Center ("NCIS") as early as March 15, 2021, weeks before law enforcement's contacts with the Identified Individual and the CI.  See Def. Ex. 13 [Docket No. 88, Attach. 13]. He argues that "[t]he only plausible reason why law enforcement would purposely leave this information out is because they were 'spoon feeding' information to the informants instead of the informants providing the information to law enforcement."  Def.'s Supplemental Mem. [Docket No. 87] at 6.  Washington also argues that the affidavit supporting the May 4 search warrant includes false information because Washington was in Florida on April 26, 2021, the day the of the first controlled buy.

To be entitled to a Franks hearing, a defendant must make "a substantial preliminary showing" not only that the affidavit contained false information, but that the inaccuracies were the result of "deliberate falsehood or reckless disregard for the truth" and were "necessary to the finding of probable cause."  Franks, 438 U.S. at 155–56; see also United States v. Mathison, 157 F.3d 541, 547–48 (8th Cir. 1998).  "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing."  Mathison, 157 F.3d at 548.  A Franks hearing is appropriately granted only in "very limited circumstances."  United States v. Ozar, 50 F.3d 1440, 1445 (8th Cir.1995).

The Court agrees with the R&R's conclusion that Washington has not made the "substantial preliminary showing" required for a Franks hearing.  Washington's arguments about law enforcement "spoon feeding" the Identified Individual and CI are purely speculative and he has made no offer of proof in the form of affidavits or similarly reliable statements to support his bare allegations.

6

Washington's contention about being in Florida at the time of the first controlled buy also lacks merit. As the R&R correctly noted, Washington's flight itinerary and Lyft receipts show a return from Florida to the Minneapolis airport at 9:10 a.m. on April 26, 2021. Def. Ex. 16 [Docket No. 88, Attach. 16] at 4. After stopping briefly at his home in Blaine, Washington took a Lyft ride to the Rosedale Mall and arrived around 11:00 a.m. on April 26, where he stayed until about 1:10 p.m. Def. Exs. 17-20 [Docket No. 88, Attachs. 17-20]. Accordingly, there was no misrepresentation or omission that would require a Franks hearing.

In his Objection, Washington now argues that a supplemental police report shows that the controlled buy occurred at 6:00 p.m. on April 26, which was after Washington had been at Rosedale Mall. Def. Mem. Supp. Obj. [Docket No. 97] at 4-5. This argument is waived because it was not presented to the magistrate judge. See United States v. Oz, No. 13-273, 2016 WL 1183041, at *8 (D. Minn. Mar. 28, 2016) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. New claims or arguments, presented for the first time in the objections to an R&R, will not be reviewed.") (internal quotation marks and citations omitted). Even if the argument had not been waived, it is not evidence that the affidavit includes deliberately false information. Washington's presence at the Rosedale Mall earlier that day does not preclude the possibility that he was also there at other times during the day.

Washington also argues that a Franks hearing is warranted because the nexus between Ghost and Washington was never established in the affidavit supporting the April 26 Warrant, and that if the references to Washington are excluded from the affidavit probable cause is lacking. Not only does this argument fail to identify a deliberate misrepresentation or omission warranting a Franks hearing, the information in the affidavit strongly supports a nexus between

7

Ghost and Washington. The affidavit states that the CI described Ghost as a Black male in his 30s who drove a white GMC Yukon and worked at a shoe store in Rosedale Mall. The CI had purchased heroin on many occasions and identified Washington as Ghost based on an unmarked photo.

The R&R properly determined that Washington has not met his "substantial preliminary burden" for a Franks hearing, and Washington's Objection does not persuade the Court otherwise.

The Court also agrees with the conclusion in the R&R that the search warrants are supported by probable cause, and that even if probable cause did not exist the warrants were facially valid and thus fell under the good-faith exception to the exclusionary rule established in United States v. Leon, 468 U.S. 897 (1984).

**C. Motion for Disclosure of Confidential Informant**

Washington argues that the R&R erred in denying his motion for disclosure of the identities of the CI and Identified Individual. The Government generally has a privilege to withhold the identity of a confidential informant. Roviaro v. United States, 353 U.S. 53, 59 (1957). This privilege "recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id.

The privilege must "give way" and disclosure should be ordered if "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 60-61. The most important factor in determining whether disclosure should be ordered is whether the informant's information is material to the defense. United States v. Lapsley, 334 F.3d 762, 764 (8th Cir.

8

2003). A defendant "must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). "[D]isclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." Lapsley, 334 F.3d at 764 (quotations and alterations omitted).

As the R&R correctly concluded, disclosure is not required here because the crimes charged in the Indictment are based on the seizures that occurred on May 5 from the Blaine residence and Washington's person, not on the controlled buys between April 26, 2021 and May 4, 2021 or any conduct in which the CI and Identified Individual participated. R&R at 42. Because the CI and Identified Individual did not witness or participate in Washington's charged crimes, disclosure of their identities is not required. See United States v. Bradley, 924 F.3d 476, 482 (8th Cir. 2019) (holding no disclosure required where "the confidential informant and tipsters provided information that police used to obtain warrants, but they did not witness, participate in, or provide evidence of Bradley's charged crimes"); Harrington, 951 F.2d at 878 (holding disclosure not required where confidential informant made controlled buys that supported the issuance of a search warrant but "neither witnessed or participated in the search" that led to defendant's possession charges and "could not offer any evidence bearing on the possession charges").

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Demarcus Lee Washington's Objection [Docket No. 96] to Magistrate Judge Elizabeth Cowan Wright's February 23, 2022 Report and Recommendation is **OVERRULED**;

2.     The Report and Recommendation [Docket No. 91] is **ADOPTED**;

3.     Washington's Amended Motion to Suppress Evidence from All Search Warrants [Docket No. 65], which also seeks a hearing pursuant to <u>Franks v. Delaware</u>, is **DENIED**; and

4.     Washington's Amended Motion for Disclosure of Confidential Informant [Docket No. 64] is **DENIED**.

                      BY THE COURT:

Dated: May 25, 2022                   <u>s/Ann D. Montgomery</u>
                                   ANN D. MONTGOMERY
                                   U.S. DISTRICT COURT